IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA WADE,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　-vs-　　　　　　　　　　　　　　　　) 　Civil Action No.　16-1228
　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　)

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she has been disabled since February 6, 2012. (ECF No. 8-5, pp. 2, 10 and 12). Administrative Law Judge ("ALJ"), David J. Kozma, held a hearing on February 20, 2014. (ECF No. 8-2, pp. 39-55). On March 19, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 22-34).

After exhausting all of his administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Weighing Opinion Evidence as it relates to the Residual Functional Capacity ("RFC")</u> [2]

I consider Plaintiff's argument regarding the weighing of opinion evidence as it relates to her residual functional capacity first, as I believe it is a threshold issue.   Plaintiff argues that the ALJ erred in the weighing of the mental opinion evidence in formulating Plaintiff's RFC such that remand is warranted.   (ECF No. 11, pp. 12-14).   After a review of the evidence, I agree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

4

In this case, the ALJ gave the opinion of Dr. Diorio, the state agency psychological consultant, great weight. (ECF No. 8-2, p. 32). The ALJ also gave the opinion of Dr. Lewis, a consultative examiner, great weight except for her GAF assessment. *Id.* at pp. 29-30. As the ALJ pointed out, Dr. Diorio opined that Plaintiff was moderately limited in her ability to, *inter alia,* "complete a normal day and workweek without interruptions form psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest period." (ECF No. 8-2, p. 32 and No. 8-3, p. 25). Dr. Lewis opined that Plaintiff's consistency capability would affect her such that she would miss work. (ECF No. 8-7, p. 51). The ALJ made no reference to the aforementioned in crafting Plaintiff's RFC. (ECF No. 8-2, p. 27).

In his decision, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following exception: Plaintiff "has moderate restriction with detailed instructions." (ECF No. 8-2, p. 27). Based on the same, there is no doubt that the ALJ failed to account for Plaintiff's moderate limitation to complete a normal day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest period or her consistency limitation requiring Plaintiff to miss work. (ECF No. 8-3, p. 25 and No. 8-7, p. 51). Yet, these are limitations for which the ALJ gave great weight.

Certainly, the ALJ is not required to accept Dr. Diorio's or Dr. Lewis' opinions at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,*

5

No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

Here, the ALJ fails to articulate why he gave great weight to the opinions of Dr. Diorio and Dr. Lewis but did not account for all of their opinions that Plaintiff is moderately limited in her ability to complete a normal day and workweek without interruptions form psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods and her consistency capability that would affect her ability to attend work. Again, an ALJ may reject portions of evidence, but he/she must provide detailed reasons for doing so. The failure to provide an explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted on this issue.[3]

An appropriate order shall follow.

---

[3] Plaintiff raises another issue regarding irregularities related to the vocational expert ("VE"). (ECF No. 11, pp. 5-7). Specifically, Plaintiff argues that the identity of the VE is not revealed in the hearing transcript and that this is particularly harmful because "the interaction between the ALJ and VE on the ALJ's first hypothetical was rather odd. …[R]ather than formulating a RFC he was essentially asking the VE to create a RFC based upon his or her interpretation of the claimant's testimony." *Id.* at p. 5. Plaintiff also suggests that there is an issue with regard to the oath given to the VE. *Id.* at p. 6. Since I am remanding this case as set forth above, I need not decide whether these alleged irregularities warrant a remand as the case will be reviewed again, *de novo.* For clarification purposes, however, I am suggesting that on remand the ALJ secure the name of the VE at the time of the hearing on the record, that a proper oath be administered, and that the ALJ formulate hypothetical questions for the VE.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA WADE,
)
)
       Plaintiff,
)
)
-vs-
)    Civil Action No. 16-1228
)
NANCY A. BERRYHILL,[4]
)
COMMISSIONER OF SOCIAL SECURITY,
)
)
       Defendant.
)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 5th day of September, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                           BY THE COURT:

                                           s/   Donetta W. Ambrose
                                           Donetta W. Ambrose
                                           United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.